No. 176 —M. MILLER *v.* WILLIAM BEDELL et als.

The specifying of some of the ways by which a party has been imposed upon and deceived does not preclude the petitioner from giving evidence of other acts of deception under the general allegation of fraud.

APPEAL from the District Court, parish of Caddo. *Taylor*, J., *vice Levisee*, recused. *A. W. O. Hicks*, for plaintiff and appellee. *J. W. Duncan* and *C. C. Henderson*, for defendants and appellants.

LUDELING, C. J. This is an action to annul transfers of real estate situated in the city of Shreveport, on the ground of fraud.

The defendants moved to dismiss the suit in the District Court so far

as it affects the title to lot nine, on the ground that the plaintiff had parted with her title to this lot since the institution of this suit. The sale is conditional only, and the event upon which it depended had not happened and could not happen until the final decision of this cause.

The exception was correctly overruled.

The defendants took a bill of exceptions to the ruling of the judge *a quo* admitting evidence to prove knowledge by Sartin & Bayless of the fraud of Bedell and their complicity with said Bedell on the grounds that no "specific act of fraud is charged against them, and no general allegations of fraud or knowledge of fraud is alleged against them.

We think the pleadings of the plaintiff and defendants, taken together, sufficiently presented the issue of fraud as to all the defendants. The answers of the defendants show that they understood that to be the issue in the case. They were not surprised by the evidence, and should have been prepared to rebut it, if they could. We think the court *a qua* correctly received the evidence.

The defendants took another bill of exceptions to the ruling of the District Judge admitting evidence to prove other or different *acts* of fraud from that alleged in the petition, on the ground that it was irrelevant and inadmissible under the pleadings. The allegations of the petition are that the deed was procured by "misrepsentations and fraud;" that the plaintiff had been "imposed upon and deceived," and that she had been "defrauded and cheated." Specifying some of the *ways* by which defendant, Bedell, had imposed upon her, did not prevent proof of other acts tending to establish fraud.

Defendants took a third bill of exceptions to the ruling of the judge refusing to sustain the exception of defendants to the action. It is unnecessary and irregular to retain bills of exceptions to such interlocutory orders.

We have already affirmed the correctness of the ruling of the judge on this exception. It is not necessary to notice the bills of exceptions taken by the plaintiff.

On the merits, we see no reason for disturbing the judgment of the court *a qua* based on a verdict of a jury.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs of appeal.